## UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
### ORLANDO DIVISION

JEFFREY BREEDEN,

                **Plaintiff,**

v.                                  **Case No:   6:19-cv-1986-Orl-LRH**

COMMISSIONER OF SOCIAL
SECURITY,

                **Defendant.**

---

### MEMORANDUM OF DECISION

      Jeffrey Breeden ("Claimant") appeals the Commissioner of Social Security's ("Commissioner") final decision denying his applications for disability benefits. (Doc. 1). The Claimant raises arguments under sentences four and six of 42 U.S.C. § 405(g) and, based on those arguments, requests that the matter be reversed and remanded for further proceedings. (Doc. 25 at 17-19, 25-28, 30-34, 38). The Commissioner argues that no error has been committed at any point during the case and, therefore, his final decision should be affirmed. (*Id*. at 19-25, 28-30, 34-38).[1] Upon review of the record, the Court finds that the Commissioner's final decision is due to be **REVERSED** and **REMANDED** for further proceedings.

### I.    Procedural History

      This case stems from the Claimant's August 3, 2017 applications for disability insurance benefits and supplemental security income, in which he alleged a disability onset date of September

---

[1] With leave of court, the Claimant responded to the Commissioner's arguments through a separately filed reply. (Doc. 28).

25, 2014.  (R. 26).[2]  The applications were denied on initial review and on reconsideration.  The matter then proceeded before the ALJ, who held a hearing on April 11, 2019, at which the Claimant and his representative appeared.  (R. 88-106).  On May 8, 2019, the ALJ entered a decision denying the Claimant's applications for disability benefits.  (R. 26-37).  The Claimant's representative withdrew from the case on May 17, 2019.  (R. 42).

On July 2, 2019, Attorney Bradley K. Boyd accepted appointment as the Claimant's representative and, on July 8, 2019, filed a request for review with the Appeals Council.  (R. 21-22, 256-60).  In support of that request, the Claimant subsequently submitted a mental Residual Functional Capacity ("RFC") assessment from an examining physiatrist, Dr. Todd Gates, dated August 21, 2019.  (R. 12-14).  On August 30, 2019, the Appeals Council denied the Claimant's request for review.  (R. 1-3).  This appeal followed.

**II.    The ALJ's Decision**

The ALJ performed the five-step evaluation process set forth in 20 C.F.R. §§ 404.1520(a)(4) and 416.920(a)(4) in reaching her decision.[3]  First, the ALJ found the Claimant met the insured

---

[2]  There is a discrepancy with the Claimant's alleged disability onset date.  In his application for disability insurance benefits, the Claimant alleged a disability onset date of September 25, 2014. (R. 261).  In his application for supplemental security income, the Claimant alleged a disability onset date of August 3, 2017.  (R. 265).  This was the only time the Claimant alleged that his disability began on August 3, 2017.  And no other records identify August 3, 2017 as the alleged disability onset date.  To the contrary, the documents in the administrative record consistently list September 25, 2014 as the date on which the Claimant's disability began.  (R. 108, 120, 135, 149, 287, 315, 326).  Further, at the hearing before the ALJ, the Claimant confirmed that he was alleging that he became disabled on September 25, 2014.  (R. 93).  These subsequent records demonstrate that the Claimant is alleging the same disability onset date for both applications.

[3]  An individual claiming Social Security disability benefits must prove that he or she is disabled.  *Moore v. Barnhart*, 405 F.3d 1208, 1211 (11th Cir. 2005) (citing *Jones v. Apfel*, 190 F.3d 1224, 1228 (11th Cir. 1999)).  The five steps in a disability determination include: (1) whether the claimant is performing substantial, gainful activity; (2) whether the claimant's impairments are severe; (3) whether the severe impairments meet or equal an impairment listed in 20 C.F.R. Part 404, Subpart P, Appendix 1; (4) whether the claimant can return to his or her past relevant work;

status requirements of the Social Security Act through December 31, 2018, and that the Claimant has not engaged in substantial gainful activity since the alleged onset date. (R. 28). The ALJ next found that the Claimant suffers from the following severe impairments: obesity; essential hypertension; depressive disorder; diabetes mellitus; gastroesophageal reflux disease ("GERD"); and, sleep apnea. (R. 28-29). The ALJ, however, found that none of the Claimant's impairments, individually or in combination, met or medically equaled any listed impairment. (R. 29-31).

The ALJ found that the Claimant has the RFC to perform a full range of work at all exertional levels with the following non-exertional limitations:

> The claimant can never climb ladders, ropes, or scaffolds and can no more than occasionally balance. The claimant must avoid concentrated exposure to hazards such as machinery and heights. The claimant can concentrate for extended periods, accept instructions, and respond appropriately to changes in a routine work setting, but is limited to understanding, remembering, and carrying out simple, repetitive tasks, and can tolerate no more than occasional interaction with coworkers and supervisors and no more than occasional in-person contact with the general public.

(R. 31). In light of this RFC, the ALJ found that the Claimant is unable to perform his past relevant work. (R. 35-36). The ALJ, however, found that the Claimant could perform other work in the national economy, including work as a laundry laborer, linen room attendant, and housekeeper. (R. 36-37). Accordingly, the ALJ concluded that the Claimant was not disabled between his alleged onset date (September 25, 2014) through the date of the decision (May 8, 2019). (R. 37).

## III.   Standard of Review

The scope of the Court's review is limited to determining whether the Commissioner applied the correct legal standards and whether the Commissioner's findings of fact are supported by substantial evidence. *Winschel v. Comm'r of Soc. Sec.*, 631 F.3d 1176, 1178 (11th Cir. 2011). The

---

and (5) based on the claimant's age, education, and work experience, whether he or she could perform other work that exists in the national economy. *See generally Phillips v. Barnhart*, 357 F.3d 1232, 1237 (11th Cir. 2004) (citing 20 C.F.R. § 404.1520); *see also* 20 C.F.R. § 416.920.

Commissioner's findings of fact are conclusive if they are supported by substantial evidence, 42 U.S.C. § 405(g), which is defined as "more than a scintilla and is such relevant evidence as a reasonable person would accept as adequate to support a conclusion." *Lewis v. Callahan*, 125 F.3d 1436, 1440 (11th Cir. 1997). The Court must view the evidence as a whole, taking into account evidence favorable as well as unfavorable to the Commissioner's decision, when determining whether the decision is supported by substantial evidence. *Foote v. Chater*, 67 F.3d 1553, 1560 (11th Cir. 1995). The Court may not reweigh evidence or substitute its judgment for that of the Commissioner, and, even if the evidence preponderates against the Commissioner's decision, the reviewing court must affirm it if the decision is supported by substantial evidence. *Bloodsworth v. Heckler*, 703 F.2d 1233, 1239 (11th Cir. 1983).

## IV.  Analysis

The Claimant raises the following arguments on appeal: 1) the Appeals Council erred by finding that Dr. Gates' opinion would not have a reasonable likelihood of changing the administrative outcome; and, 2) the case should be reversed and remanded pursuant to sentence six in light of the new evidence submitted to the Court. (Doc. 25 at 25-28, 30-34); (*See* Docs. 30-1; 30-2).[4]

Both of the Claimant's arguments relate solely to his mental health impairments, so a brief discussion of the mental health evidence before the ALJ is warranted. On September 25, 2014, the Claimant voluntarily admitted himself to Circles of Care, Inc. due to active suicidal and homicidal ideation. (R. 531-33). He was discharged on September 29, 2014 with a diagnosis of bipolar disorder not otherwise specified. (*Id.*).

---

[4] The Claimant raised a third argument challenging the ALJ's consideration of Dr. Sajida Mathew's opinion (Doc. 25 at 17-19) but withdrew it in his reply (Doc. 28 at 1). The Court will therefore not consider that argument.

Following his discharge, the Claimant continued to receive mental health treatment from Drs. Subramaniyam Vasudevan and Sajida Mathew at Circles of Care and from Dr. Chad Breznay at Brevard Health Alliance Barton Commons Clinic.    Between October 2014 and April 2016, many of the Claimant's mental status examinations were completely normal (R. 413, 416, 421, 462, 464, 466, 467, 470), with a few examinations revealing either depressed mood (R. 419), constricted affect (R. 454, 456, 458, 460), and/or fair insight and judgment (*Id*.).    During this period, the Claimant was diagnosed with bipolar disorder, post-traumatic stress disorder, and personality disorder.    (*See, e.g.* R. 419, 460).

From April 2016 through December 2018,[5] the Claimant's mental status examinations remained largely unremarkable (though not completely unremarkable) with observations of anxious/depressed mood (R. 438, 440, 507, 510, 513, 543, 549), blunted/flat/constricted affect (R. 428, 430, 432, 434, 436, 438, 438, 507, 513, 539, 541, 543, 547, 549), and/or fair insight and judgment.    (R. 428, 430, 432, 434, 436, 438, 438, 440, 442, 444, 446, 448, 450, 507, 513, 539, 541, 543, 547, 549).    The Claimant's original diagnoses remained the same, with the addition of general anxiety disorder, autism spectrum disorder, and a learning disorder.    (*See, e.g.*, R. 549).

On April 17, 2018, Dr. Jennifer Meyer, a non-examining state agency physician, completed a mental RFC assessment.    (R. 157-59).    Dr. Meyer opined that the Claimant "would likely have problems maintaining sustained attention/concentration and completing work tasks at a consistent pace[,]" but "seems capable of working without excessive supervision or assistance and working with others, and of sustaining attention to complete simple, repetitive tasks for 2-hour segments over an 8 hour work day."    (R. 158).    Next, Dr. Meyers opined that the Claimant "appears capable of

---

[5] The record before the ALJ did not contain any mental health treatment notes dated after December 2018.

engaging in brief, structured interactions with others but seems best suited for work in settings that require minimal social interaction, especially with unfamiliar persons." (*Id.*). Finally, Dr. Meyers opined that the "Claimant might have occasional difficulty appropriately responding to changes in high-stress and fast-paced work environments[,]" but "appears capable of completing [simple, routine tasks] in most settings and adapting to simple/gradual changes in the work environment." (R. 159). With this background in mind, the Court turns to the Claimant's arguments.

### A. Appeals Council

The Claimant contends that Dr. Gates' opinion is new, material, and chronologically relevant evidence, which could be credited over other opinion evidence and lead to a different administrative outcome. (Doc. 25 at 262-28). The Claimant therefore argues that the Appeals Council erred when it found no "reasonable probability" that Dr. Gates' opinion would change the administrative outcome. (*Id.*). Upon consideration of the Claimant's and Commissioner's arguments, including those in the Claimant's reply (Doc. 28), the Court agrees with the Claimant.

A claimant is generally permitted to present new evidence at each stage of the administrative process. *Ingram v. Comm'r of Soc. Sec., Admin.*, 496 F.3d 1253, 1261 (11th Cir. 2007). The Appeals Council must consider evidence that was not presented to the ALJ when that evidence is new, material, and chronologically relevant. *Id.*; *see* 20 C.F.R. §§ 404.970(a)(5), 416.1470(a)(5). A piece of evidence is new if it is not cumulative of other evidence in the record, *see Robinson v. Astrue*, 365 F. App'x 993, 996 (11th Cir. 2010),[6] it is material if "there is a reasonable possibility that the new evidence would change the administrative outcome," *Hyde v. Bowen*, 823 F.2d 456, 459 (11th Cir. 1987), and it is chronologically relevant if it "relates to the period on or before the

---

[6] In the Eleventh Circuit, unpublished decisions are not binding, but are persuasive authority. *See* 11th Cir. R. 36-2.

date of the [ALJ's] hearing decision," 20 C.F.R. §§ 404.970(a)(5), 416.1470(a)(5).   The Appeals Council must grant the petition for review if the ALJ's "action, findings, or conclusion is contrary to the weight of the evidence currently of record."   *Ingram*, 496 F.3d at 1261.

The Appeals Council has the discretion to not review the ALJ's decision denying benefits. *Washington v. Soc. Sec. Admin., Comm'r*, 806 F.3d 1317, 1320 (11th Cir. 2015).   If the Appeals Council considers new evidence and denies review, it is not required to articulate its reasons for its denial.   *Mitchell v. Comm'r, Soc. Sec. Admin.*, 771 F.3d 780, 784-85 (11th Cir. 2014).   If a claimant challenges the Appeals Council's denial, the reviewing court must conduct a *de novo* review to determine whether the new evidence renders the denial of benefits erroneous. *Washington*, 806 F.3d at 1321.   "[W]hen the Appeals Council erroneously refuses to consider evidence, it commits legal error and remand is appropriate."   *Id*.

The record before the ALJ did not contain any treatment notes or opinions from Dr. Gates. (*See* R. 364-1717).   The first and only piece of evidence from Dr. Gates – a mental RFC assessment dated August 21, 2019 – was filed in connection with the Claimant's request for review before the Appeals Council.   (R. 12-14).   The August 21, 2019 RFC assessment was addressed to Circle of Care and was completed and signed by Dr. Gates, (*Id.*), and in the absence of any evidence or argument to the contrary, it appears that Dr. Gates is associated with Circles of Care.

Dr. Gates opined in the RFC assessment that since September 1, 2014 the Claimant has had a limited or seriously limited ability to ask simple questions or request assistance, remember work-like procedures, understand and remember very short and simple instructions, and make simple work-related decisions.   (*Id.*).   Dr. Gates also opined that during the same timeframe the Claimant has had little or no ability to carry out short and simple instructions, maintain attention for two hour segments, maintain regular attendance, sustain an ordinary routine without special supervision, work

in coordination with or in proximity to others without being unduly distracted, complete a normal workday or workweek, perform at a consistent pace without an unreasonable number and length of rest periods, accept instructions and respond appropriately to criticism from supervisors, get along with co-workers, respond appropriately to changes in a routine work setting, deal with normal work stress, and be aware of normal hazards and take appropriate precautions. (*Id*.). Dr. Gates explained that these limitations are "based on [his] review of [the Claimant's] medical records and clinical findings, my knowledge of [the Claimant's] condition, and [his] professional experience" and "not based solely on any statement [the Claimant] may have made to [him] when the form was completed." (R. 14).

The Appeals Council considered Dr. Gates' opinion and found there was no "reasonable probability that it would change the outcome of the decision." (R. 2). The Claimant contends that this determination conflicts with the Eleventh Circuit's decision in *Washington v. Soc. Sec. Admin., Comm'r*, 806 F.3d 1317, 1320 (11th Cir. 2015), and that pursuant to *Washington*, this case should be remanded so the ALJ has an opportunity to consider Dr. Gates' opinion. (Doc. 25 at 26). The Court agrees.

In *Washington*, the claimant appealed, in relevant part, the Appeals Council's refusal to consider new opinion evidence from a one-time examining psychologist. *Washington*, 806 F.3d at 1318.[7] This new evidence consisted of an examination report and mental health source statement. *Id*. at 1319-20. The Commissioner argued that opinion evidence was neither material nor chronologically relevant. *Id* at 1321-23. And while the District Court affirmed the Commissioner, the Court of Appeals disagreed for three reasons. First, the Eleventh Circuit found the

---

[7] The psychologist's opinion post-dated the ALJ's decision by several months. *Washington*, 806 F.3d at 1319.

psychologist's opinion to be new and noncumulative because it was not before the ALJ and it addressed issues that no other evidence addressed.  *Id*. at 1321, n.6.  Second, the Court of Appeals found the psychologist's opinion was material because: 1) it could establish that the claimant had an impairment that met or equaled one of the listings; 2) the ALJ could credit the opinion over an inconsistent physician's opinion, as both opinions were based on independent examinations; and, 3) the treatment notes were consistent with, and supported, the physician's opinion.  *Id.* at 1321-22. Third, although the examination and opinion took place after the ALJ's decision, the Eleventh Circuit found it to be chronologically relevant because: 1) the applicant described the symptoms he experienced during the relevant time period to the psychologist; 2) the psychologist reviewed the applicant's treatment records from the relevant time period; and, 3) the psychologist's opinions "relate[d] back to the period before the ALJ's decision."  *Id.*

Applying *Washington* to the present case, the Court finds that the same result – remand for further proceedings – is warranted.

### 1.  Dr. Gates' Opinion is New

Dr. Gates opinion is new and noncumulative (a fact the Commissioner does not challenge) because the record before the ALJ did not contain any mental health opinions from an examining or treating physician nor did it contain an opinion containing similar limitations.  *See Washington*, 806 F.3d at 1321, n.6.

### 2.  Dr. Gates' Opinion is Material

Dr. Gates, like the psychologist in *Washington*, both reviewed the Claimant's medical records and examined him before rendering his opinion.  (R. 12-14 (requesting opinion "based on your examination of how your patient's mental/emotional capabilities are affected by the impairment(s)); *see Washington*, 806 F.3d at 1319-20.  Based on his review of medical records and

examination, Dr. Gates opined that the Claimant has severe mental limitations that affect his ability to perform unskilled work (R. 12-14), some of which are more severe than the limitations contained in the ALJ's RFC determination (*Compare* R. 13 (opining that the Claimant has no useful ability to interact appropriately with the general public) *with* R. 31 (finding that the Claimant can have no more than occasional in-person interaction with the general public). The only other opinion evidence regarding the Claimant's mental impairments came from Dr. Meyer, a non-examining state agency physician. The opinion of an examining physician, however, is generally entitled to more weight than a non-examining physician's opinion. *Sharfarz v. Bowen*, 825 F.2d 278, 280 (11th Cir. 1987) ("[t]he opinions of nonexamining, reviewing physicians, . . . when contrary to those of the examining physicians, are entitled to little weight, and standing alone do not constitute substantial evidence."). It is therefore possible that if the ALJ considered Dr. Gates' opinion, which is the only opinion from an examining source and is more limiting than Dr. Meyer's opinion, that she could have credited it, which, in turn, could have affected the administrative outcome. *See Washington*, 806 F.3d at 1321-22. For these reasons, the Court finds Dr. Gates' opinion material.

The Commissioner raises several arguments against materiality. First, the Commissioner argues that Dr. Gates' opinion is not material because, unlike the situation in *Washington*, there is no evidence that he examined the Claimant. (Doc. 25 at 29). This argument is belied by Dr. Gates' statement that he based his opinions, in part, on his *clinical findings*. (R. 14). In addition, the RFC assessment requested that Dr. Gates render an opinion "based on your examination." (R. 12). Dr. Gates could only have obtained his own clinical findings, or rendered an opinion based on an examination, by actually examining the Claimant. The Court therefore finds the Commissioner's first argument unavailing.

Second, the Commissioner argues that Dr. Gates' opinion is not material because, unlike the psychologist in *Washington*, he did not cite any medical findings in support of his opinions. (Doc. 25 at 29). Dr. Gates, however, discussed the clinical evidence supporting his opinions, including, but not limited to, the Claimant's impaired concentration, depressed mood, and limited motivation to complete tasks. (R. 13). These things could have been discovered through Dr. Gates' review of the Claimant's medical records, some of which contain similar findings (*See, e.g.*, R. 507 (observing depressed mood and limited concentration)) or through observations during his own examination. The Court therefore finds the Commissioner's second argument unavailing.

The Commissioner finally argues that Dr. Gates' opinion is not material because it inconsistent with the other evidence of record, namely Dr. Mathew's treatment notes and Dr. Meyer's opinion. (Doc. 25 at 30). The Court is not persuaded. Dr. Mathew never provided an opinion about Claimant's mental abilities to do work related activities. Rather, as discussed above, the only other opinion that addresses the limitations caused by the Claimant's mental impairments comes from Dr. Meyer, a non-examining state agency physician. Considering the general proposition that opinions from examining physicians are generally entitled to more weight than those from non-examining physicians, *Sharfarz*, 825 F.2d at 280, it stands to reason that the ALJ, if given the opportunity to consider Dr. Gates' opinion, could find it more persuasive than Dr. Meyer's less restrictive opinion. Further, the inconsistencies to which the Commissioner points supports the materiality of Dr. Gates' opinion, because the ALJ could elect to credit Dr. Gates' opinion, in whole or in part. *See Washington*, 806 F.3d at 1321-22 (concluding that inconsistency between one examining physician's opinion and the new examining physician's opinion supported materiality because the ALJ could credit the new opinion over the one he already considered). If that occurred,

it would likely affect the administrative outcome given the nature of limitations contained in his opinion.   For these reasons, the Court finds the Commissioner's final argument unpersuasive.

### 3.  Dr. Gates' Opinion is Chronologically Relevant

Dr. Gates' opinion contains two statements that tie it to the relevant period.   The first appears at the beginning of his opinion, where Dr. Gates states that the opined limitations began on September 1, 2014 and have been present through the date of his opinion.   (R. 12).   The second appears at the end of the opinion, where Dr. Gates states that the limitations are based, in part, on his review of the Claimant's medical record.   Together, I find these statements are sufficient to show that Dr. Gates' opinion is chronologically relevant.   *See Washington*, 806 F.3d at 1322-23 (finding similar evidence, as well as the claimant's own statements to the examining physician that his symptoms existed during the relevant period, sufficient to establish that the new opinion was chronologically relevant); *see also McClurg v. Saul*, No. 6:19-cv-1798-Orl-JRK, 2020 WL 5742980, at *6 (M.D. Fla. Sept. 25, 2020) (finding new opinion chronologically relevant under similar circumstances).

The Commissioner takes issue with Dr. Gates' statement that he considered the Claimant's medical records, arguing that the statement is not enough to show the opinion is chronologically relevant because Dr. Gates did not identify the specific medical records he reviewed or the dates of those records.   (Doc. 25 at 29).   The Commissioner, however, cites no authority requiring such detail to find the opinion chronologically relevant.   (*See id.*).   Further, a review of Dr. Gates' opinion in its entirety reveals that he is either employed or has a working relationship with Circles of Care (R. 12), which is where the Claimant received most of his mental health treatment during the relevant period (*See* R. 425-71, 531-94).[8]   Considering Dr. Gates' apparent connection with

---

[8]  The Claimant tried to make a similar point in his reply, pointing to the evidence submitted

Circles of Care, it is reasonable to infer that he had access to and reviewed the Claimant's treatment records at Circles of Care, which stretch back as far as September 2014, the very month the Claimant's limitations purportedly began (R. 12). For these reasons, the Court finds the Commissioner's sole argument against the chronological relevance of Dr. Gates' opinion unavailing.

In summary, the Court finds Dr. Gates' opinion to be new, material, and chronologically relevant evidence. Accordingly, the Appeals Council erroneously refused to consider Dr. Gates' opinion, resulting in legal error requiring remand. *Washington*, 806 F.3d at 1321.

### B.  Other Issue on Appeal

In light of the foregoing, the Court declines to rule on the Claimant's remaining argument for a sentence six remand. *See Diorio v. Heckler*, 721 F.2d 726, 729 (11th Cir. 1983) (on remand the ALJ must reassess the entire record); *McClurkin v. Soc. Sec. Admin.*, 625 F. App'x 960, 963 n.3 (11th Cir. 2015) (no need to analyze other issues when case must be reversed due to other dispositive errors).

### V.    Conclusion

Accordingly, it is **ORDERED** that:

l.    The Commissioner's final decision is **REVERSED** and **REMANDED** for further proceedings consistent with this Order pursuant to sentence four of 42 U.S.C. § 405(g).

---

in support of his sentence six argument, evidence that was not before the Appeals Council. (Doc. 28 at 1-2). The evidence consists of a treatment note from Circles of Care that was authored by Dr. Gates. (Doc. 30-2 at 1-2). The Claimant has not cited any authority allowing the Court to consider sentence six evidence in support of a sentence four argument. (*See* Doc. 28 at 1-2). Absent any authority, the Court has not considered the treatment note from Dr. Gates in determining whether his opinion is chronologically relevant.

2   The Clerk is **DIRECTED** to enter judgment in favor of the Claimant and against the

Commissioner, and to close the case.

**DONE** and **ORDERED** in Orlando, Florida on March 18, 2021.

LESLIE R. HOFFMAN
UNITED STATES MAGISTRATE JUDGE

Copies to:

Counsel of Record

The Court Requests that the Clerk
Mail or Deliver Copies of this order to:

The Honorable Sarah Cyrus
Administrative Law Judge
Office of Hearings Operations
Suite 1000, 10th Floor
500 East Broward Blvd
Ft Lauderdale, FL 33394-9978